

BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
LIZ CHENEY, WYOMING
ADAM KINZINGER, ILLINOIS

U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225–7800

One Hundred Seventeenth Congress
Select Committee to Investigate the January 6th Attack on the United States Capitol

August 8, 2022

VIA ELECTRONIC AND U.S. MAIL

Mr. Timothy C. Parlatore
One World Trade Center
Suite 8500
New York, NY 10007

Dear Mr. Parlatore:

I write in response to your August 5, 2022, letter that indicated that while your client, Pennsylvania state Senator Douglas Mastriano "is happy to cooperate with [the] committee, as he has nothing to hide," he would rather "go to court" than provide testimony required by the Select Committee's subpoena unless his demands to record, and potentially release at a time of your choosing, the testimony are met. This, of course, is not how subpoenaed testimony works and your letter reveals a misunderstanding of the governing law. The Select Committee respects Senator Mastriano's role as an elected official and candidate for office. Nonetheless, other elected officials and candidates for office have complied with their obligations to provide subpoenaed testimony to the Select Committee. We expect Senator Mastriano to similarly comply with the subpoena issued by the Select Committee and the House deposition rules.

In your letter, you make a number of false claims about the Select Committee and the information it has gathered. Those false claims are irrelevant to the legal issues you raise, which are your views that the Select Committee cannot "conduct compelled depositions" pursuant to the Regulations for the Use of Deposition Authority (the "Deposition Authority") because, in your words, "it is not a bipartisan committee and lacks a Ranking Minority Member . . . designated by the Republican Steering Committee and not the Speaker of the House." In fact, you spend several pages explaining why, based on your view of the "ranking minority member" issue, the composition of the Select Committee does not satisfy its implementing resolution, House Resolution 503 (the "Implementing Resolution"), or the House of Representatives' Deposition Authority. You are incorrect: courts have *repeatedly* rejected these arguments. *See, e.g., United States v. Bannon*, No. 1:21-670, June 15, 2022, H'rg Trans. (Nichols, J.) ("what the House Rules require is a legal question" and "the entire House has, on multiple occasions, ratified that the Committee is validly constituted and operating [which] really resolves questions about the number of members and whether Ms. Cheney is acting as the ranking minority member"); *Eastman v. Thompson*, Case No. 8:22-cv-99-DOC-DFM, Dkt. 43 (C.D. Cal. Jan. 25, 2022); *RNC v. Pelosi*, No. 22-659, DKt. 33, Order (May 1, 2022) (Kelly, J.).

Mr. Timothy C. Parlatore
Page 2

Your citation to "Republican Conference Rules" does not affect the decisions of these federal courts. As you know, these are measures issued by the Republican party that are neither required nor generally sanctioned by the House of Representatives or Congress as a whole. They therefore have no bearing upon the ranking-member question you have raised and that federal courts have answered.

Moreover, House Resolution 503 does not grant the House Republican Conference a role in the composition of the Select Committee. According to section 2(a) of that resolution, the Speaker alone selects the membership of the Select Committee "after consultation with the minority leader." Indeed, even Minority Leader McCarthy is not compelled to consult the Conference in making his recommendations, and there is no public reporting that he did so. When John Eastman made an argument similar to yours in his effort to block a Select Committee subpoena, the Court rejected it. *Eastman v. Thompson*, Case No. 8:22-cv-99-DOC-DFM, Dkt. 43 (C.D. Cal. Jan. 25, 2022) ("Dr. Eastman argues that the Resolution requires a ranking minority member to be appointed after nomination by the Republican Steering Committee and a vote by the Republican House Conference. But that requirement does not appear in the text of the Resolution creating this Select Committee.").

Separately, you also claim that the Select Committee cannot comply with the Deposition Authority's provisions that enable members of a committee to appeal rulings of the Chair concerning privilege objections because of your view that the Select Committee is not "truly bipartisan." The Select Committee is composed of Members from both parties. Moreover, the privilege-appeals provision you cite does not mention ranking member, minority party, or, in your words, "an adversarial, bipartisan committee." Instead that provision allows any member—regardless of political party—to appeal a ruling of the Chair. Senator Mastriano cannot modify the rules to justify non-compliance with a subpoena.

The Select Committee will not agree to Senator Mastriano's demands that he record his testimony and be permitted to release it if and when he thinks appropriate. As an initial matter, both parties have limited the use and release of deposition recordings and, since 2017, the Deposition Authority regulations have explicitly prohibited the release of deposition recordings absent Committee permission.  Furthermore, none of the hundreds of witnesses appearing before the Select Committee has been permitted to make recordings of depositions or interviews for their personal use, and there is no reason to treat Senator Mastriano differently.

Finally, we request that you provide us with a response to the following question:  Is the Save America PAC or any other entity associated with Donald Trump paying for any of the legal fees or expenses of Senator Mastriano in this matter?  This would include any fees directly paid to Senator Mastriano's counsel or any litigation services provided to Senator Mastriano that are paid for by a Trump-related entity.

The Select Committee looks forward to Senator Mastriano's compliance with the subpoena and appearance for deposition testimony on August 9, 2022, at 10 am. Please be advised that the

Mr. Timothy C. Parlatore
Page 3

Select Committee will view Senator Mastriano's failure to appear and provide deposition testimony as willful non-compliance, which will force the Select Committee to consider additional options related to enforcement and contempt.

                    Sincerely,

                    Bennie G. Thompson
                    Chairman